IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERINN WICKS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | ) Cause No.: |
| | ) |
| JAMES BUCHANAN, | ) |
| City of St. Louis Deputy Sheriff | ) |
| in his individual capacity | ) |
| **Serve at:**    1342 Petite Dr. | ) |
|                 St. Louis, MO 63138 | ) |
| | ) |
| CITY OF ST. LOUIS, | ) |
| **Serve at:**    City Hall 1200 Market Street | ) |
|                 Room 314 | ) |
|                 St. Louis, MO 63103 | ) |
| | ) |
|    Defendants. | ) |

## **COMPLAINT**

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment, and the Eighth Amendment, against City of St. Louis Deputy Sheriff James Buchanan in his individual capacity and against the City of St. Louis, Missouri. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. It is alleged that the sheriff deputy James Buchanan, engaged in action which resulted in the unreasonable seizure of Plaintiff's Decedent, William Burgess, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff's

    Decedent freedom from unreasonable seizure. It is further alleged that this violation was committed as a result of the policies and customs of the City of St. Louis Sheriff's Department.

3. The City of St. Louis is a municipal corporation charged with and responsible for appointing and promoting the members of the City of St. Louis Sheirff's Department and for the supervision, training, instruction, discipline, control and conduct of the Sheriff's Department and its personnel. At all times relevant, Defendant City of St. Louis had the power, right and duty to control the manner in which individual sheriff deputies carried out the objectives of their employment on and off duty and to see that all orders, rules, instructions and regulations promulgated for the Sheriff's Department were consistent with applicable laws.

4. Defendant Sheriff deputy James Buchanan (hereinafter "Defendant Buchanan") was at all times relevant to this Petition a male sheriff deputy employed by the City of St. Louis Sheriff's Department. He is being sued in his individual capacity.

## PARTIES

5. That at all times pertinent to this lawsuit, Plaintiff Erinn Wicks was the mother of decedent, William Burgess.

6. Defendant City of St. Louis, Missouri (hereinafter "City of St. Louis") is a first class city, and a political subdivision of the State of Missouri duly organized under the Constitution of Missouri.

7. Defendant Buchanan was at all times relevant to this complaint duly appointed and acting as an Sheriff of the City St. Louis, State of Missouri, acting under the color of

law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of St. Louis, State of Missouri.

8. Defendants Buchanan is a resident of St. Louis County, State of Missouri, in the United States District Court for the Eastern District of Missouri.

## Waiver of Sovereign of Immunity

9. At all relevant times, Defendant City of St. Louis had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein.

10. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of St. Louis.

## FACTS

11. On or about July 6, 2020, Defendant Buchanan without provocation chased decedent Willaim Burgess in the rear yard of 11061 Bellefontaine Rd. St. Louis, MO 63138.

12. While chasing Burgess, Defendant Buchanan continue to identify himself as a Sheriff to Plaintiff's decedent, William Burgess, who eventually stopped running and surrendered to Defendant Buchanan.

13. Burgess, who was unarmed and facing Defendant Burgess in the rear yard of 11061 Bellefontaine Rd.

14. Defendant without provocation fired one shot striking Burgess in the chest with his City of St. Louis Sheriff issued pistol.

15. That at all times mentioned, Defendant Buchanan was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of St. Louis and the State of Missouri and under authority of their respective office as sheriff deputies.

### COUNT I – DEFENDANT BUCHANAN

**Excessive Use of Force in Violation of the Fourth and Fourteenth Amendments of the United States Constitution**
**(42 U.S.C. §1983)**

17. Plaintiff incorporates by reference each and every allegation alleged in paragraphs 1 through 16 as though fully set forth herein.

18. Defendant Buchanan's above-described conduct constitutes actions that shocks the conscience under the Fourth Amendment of the United States Constitution.

19. Defendant Buchanan was chasing Burgess who had not committed any crime to the best of Defendant Buchanan's knowledge.

20. Defendants Buchanan lacked any probable cause to shoot and kill Burgess, who was unarmed. In addition, Defendant Buchanan was not in any danger when he shot Burgess to death.

21. Defendants Buchanan used deadly force on Burgess and violated his Fourth and Fourteenth Amendment rights in one or more of the following respects:

   a. The use of deadly force on Burgess was excessive and not objectively reasonable as he had not committed any crime;

   b. There was no reason to use the amount of force used by Defendant Buchanan because Burgess did not pose an immediate threat to the safety of Defendant Buchanan or the others that were in the area; and

   c. There was no reason to use the amount of force used by Buchanan because Burgess had not committed any crime, and running alone is not justification for gunning him down.

22. The conduct of Defendant Buchanan as described above deprived Burgess of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

23. As a direct and proximate result of the unlawful conduct of Defendant Buchanan, Burgess was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendant Buchanan caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Burgess's death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

24. The conduct of Defendants Buchanan was reckless, malicious, wanton, and willful and violated Burgess's constitutional rights and the award of punitive damages is necessary to punish Defendants Buchanan in their individual capacity and to deter them and others from the same or similar transgressions in the future.

## Compensatory Damages

25. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Buchanan.

## Punitive Damages

26. Defendant Buchanan's actions against Burgess were reckless.

5

27. Defendant Buchanan's actions against Decedent Burgess showed callous indifference toward the rights of Burgess.

28. Defendant Buchanan's actions against Burgess were taken in the face of a perceived risk that the actions would violate federal law.

29. Plaintiff is entitled to an award of punitive damages against Defendant Buchanan in order to punish them and to deter others.

## Attorney's Fees

34. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Buchanan in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent.

## COUNT II – DEFENDANT CITY OF ST. LOUIS
### Failure to Train, Supervise and Control
### (42 U.S.C § 1983)

35. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 34 as though fully set forth herein.

36. At all times mentioned herein City of St. Louis was responsible for the hiring, training, supervising, and controlling all sheriff deputies of the City of St. Louis, and their use of firearms including, Defendant's Buchanan.

37. At the time of the occurrence, Defendants Buchanan were acting within the course and scope of their agency and/or employment with Defendant City of St. Louis.

38. Defendant City of St. Louis was negligent in its supervision, training and control of Defendants Buchanan in the following respects:

    a. Defendant City of St. Louis failed to train Defendant Buchanan in the proper use of firearms.

    b. Defendant City of St. Louis failed to supervise and train defendant Buchanan in their use of department issued firearms and weapons on unarmed citizens who have not committed any crime.

    c. Defendant City of St. Louis failed to supervise and train Defendants Buchanan to stop using force to limit the amount of harm caused when there is no threat to them or others; and

    d. Defendant City of St. Louis failed to supervise and train Defendants Buchanan not to use deadly force on a citizen when the lives of Buchanan and others are not in danger.

39. The conduct of Defendant City of St. Louis as described above deprived Burgess of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution, of his right not to be subjected to any cruel and unusual punishment as secured to him under the Eighth Amendment to the United States Constitution, and his right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

40. Defendant City of St. Louis was deliberately indifferent to the obvious need and foreseeable consequence of failing to train, supervise, and control Defendants Buchanan and as a result Burgess was deprived of life and liberty under the constitution.

41. As a direct and proximate result of the negligent conduct of Defendant City of St. Louis described above, Burgess was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants Buchanan caused or contributed to cause Plaintiff to incur funeral and burial expenses. As a result of Burgess death, Plaintiff has been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

42. The conduct of the City of St. Louis was reckless, malicious, wanton, and willful with Burgess's constitutional rights and the award of punitive damages is necessary to punish Defendant City of St. Louis in its individual capacity and to deter it and others from the same or similar transgressions in the future.

WHEREFORE, the Plaintiff prays for judgment under Count III against Defendant City of St. Louis for a sum of actual damages that a jury determines to be fair and reasonable and for punitive damages that will deter and prevent the Defendant from engaging in this type of conduct in the future. The Plaintiff further prays this honorable Court to enter such other and further relief as the Court deems just and proper.

## **COUNT III – CITY OF ST. LOUIS, DOTSON, BUCHANAN**

### **(42 USC § 1988)**

43. Plaintiff incorporates by reference each and every allegation in paragraphs 1 through 42 as though fully set forth herein.

44. For all claims in this complaint on which Plaintiff prevails, Plaintiff requests compensation for her reasonable attorney's fees and other costs as provided under 42 U.S.C § 1988 (b).

## DEMAND FOR JURY TRIAL

45. Plaintiff requests a Demand for Jury Trial on all issues.

**THE LEGAL SOLUTION GROUP**

By: /s/ Jermaine Wooten
**Jermaine Wooten #MO59338**
*Attorney for Plaintiffs*
10250 Halls Ferry Road
St. Louis, MO  63136
Phone:  (314) 736-5770
Fax:     (314) 736-5772
Email:  jwooten@lsgstl.com