UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERINN WICKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-1004-ZMB |
| | ) |
| JAMES BUCHANAN, *in his individual capacity*, and CITY OF ST. LOUIS | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review after Plaintiff Erinn Wicks filed her Amended Complaint. Doc. 9. As relevant here, in response to the Complaint, Defendant City of St. Louis filed a motion to dismiss on August 11, 2025. Doc. 3. The Court extended Wicks's deadline to file a response to September 9, Doc. 8, but instead, she filed an amended complaint that day without leave or consent, Doc. 9. Because she waited until a week after the deadline to file an amended pleading as a matter of course, the Court must strike the Amended Complaint as improperly filed.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend her complaint "once as a matter of course no later than . . . 21 days after service of *a* responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), ***whichever is earlier***." FED. R. CIV. P. 15(a)(1)(B) (emphases added). Thereafter, an amendment requires "the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Applying this rule has proven complicated in cases involving multiple defendants, which has led to a division of authority. One camp "would allow a plaintiff to amend as a matter of course for only those defendants who had not filed a Rule 12(b) motion or an answer outside the 21-day period." *Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049, at *4 & n.5 (D. Kan. Apr. 28, 2020) (collecting cases). The other camp applies a single "twenty-

one day period to amend as a matter of course begins on the date of the earliest defensive action." *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015) (collecting cases).

The Court is persuaded by the latter line of authority. Most importantly, a single 21-day deadline is more faithful to the plain text of Rule 15(a) and the Advisory Committee notes. *See Kieffer v. Tundra Storage LLC*, No. 14-3192 ADM/LIB, 2015 WL 5009012, at *3 (D. Kan. Aug. 21, 2015) (citation omitted). It also advances the policy considerations underlying the most recent amendments to the rule. *See, e.g., Carter*, 144 F. Supp. 3d at 878–79; *Schwab*, 2020 WL 2037049, at *4 n.5. Here, however, this issue is academic. "Even under th[e] more permissive approach, [Wicks] could not file the Amended Complaint without the Court's permission because the Amended Complaint is not limited to alterations affecting only [the defendant within the 21-day window]. *See Seeberger v. Goodman*, No. 2:14-cv-1063-GBW-WPL, 2015 WL 13662654, at *1–2 (D.N.M. Apr. 3, 2015) (declining to choose between the competing approaches on this basis); Doc. 9.

Further, Wicks has not sought or received an extension of time to file an amended complaint as a matter of course. Under Federal Rule of Civil Procedure 6(b), a court "may, for good cause, extend the time" for a given action "if a request is made, before the original time or its extension expires," including a party's window for filing an amended complaint as a matter of course. *Hayes v. District of Columbia*, 275 F.R.D. 343, 345 n.2 (D.D.C. 2011) ("Rule 15(a) is not one of the rules for which Rule 6(b) bars the granting of extensions by the Court."). And a court may extend the same "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(B). Wicks, however, has never sought an extension of her time to file an amended complaint as a matter of course. To this point, she has moved for only an extension of her time to file a response to the City of St. Louis's Motion to Dismiss. Doc. 7. The Court granted that motion and, in doing so, made clear that it construed the motion as one to extend

2

the deadline for filing a response brief to the City of St. Louis's motion. Doc. 8. The order made no mention of extending Wicks's deadline for filing an amended complaint, *id.*, and "[s]imply requesting an extension of time, without reference to the filing of an amended complaint will not extend the time to file an amended complaint as a matter of course pursuant to Rule 15(a)(1)(B)," *Rice v. Shelter Mut. Ins. Co.*, No. 2:21-CV-04083-WJE, 2021 WL 4228344, at *3 (W.D. Mo. May 27, 2021) (citation omitted).

Thus, the Court must strike the amended pleading as improper because the time for amendment as a matter of course has expired, and Wicks had neither leave nor consent.[1] Further, although problems for another day, it appears that Wicks has not filed a response to the City of St. Louis's motion to dismiss, Doc. 3, and that Defendant James Buchanan has missed his deadline for filing an answer or a motion to dismiss, Docs. 6, 8; FED. R. CIV. P. 12(a).

Accordingly, due to Wicks's failure to comply with Rule 15(a), the Court **STRIKES** her [9] Amended Complaint and directs the Clerk of Court to remove this document from the docket.

So ordered this 12th day of September 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[1] This order in no way prohibits Wicks from seeking to amend her complaint again, provided that she complies with the criteria in Rule 15(a)(2) and Local Rule 4.07. To allow her time to do so, the Court will not rule on the pending motion to dismiss, see Doc. 3, provided that Wicks files any amended complaint—along with a request for leave or written consent—no later than September 19, 2025.

3