UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERINN WICKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF ST. LOUIS, MISSOURI and )<br>JAMES BUCHANAN, )<br>)<br>Defendants. ) | Case No. 4:25-CV-1004-ZMB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of St. Louis's motion to dismiss, Doc. 3, and Plaintiff Erinn Wicks's Motion for Leave to File First Amended Complaint, Doc. 11. Because the Complaint fails to state a claim as to the City, the Court grants the motion to dismiss, and it denies Wicks's motion for leave to amend as futile. Further, the Court orders Wicks to show cause, no later than February 10, 2026, why the remaining claims against Defendant James Buchanan should not be dismissed for failure to prosecute.

**BACKGROUND**

**I.    Factual Background**

The Court accepts as true the following well-pled facts from the Complaint. Doc. 1. On July 6, 2020, Buchannan chased after William Burgess even though he had committed no crime. *Id.* ¶¶ 11, 19. While in pursuit, Buchannan identified himself as a deputy sheriff, which prompted Burgess to stop running and surrender. *Id.* ¶ 12. Although Burgess was unarmed and presented no danger, Buchanan fatally shot him in the chest. *Id.* ¶¶ 13–14, 20. The Complaint further alleges that the City was deliberately indifferent in its supervision, training, and control of Buchanan as to his use of force and handling of a firearm. *Id.* ¶¶ 38–42.

## II.     Procedural Background

Burgess's mother, Wicks, filed this action on his behalf in July 2025.[1] Doc. 1. Wicks effected service on both Buchanan and the City, Docs. 5–6, but only the City responded by filing a motion to dismiss, Doc. 3. Wicks attempted to file an unauthorized amended complaint, Doc. 9, which the Court promptly struck. Doc. 10. Wicks then moved for leave to file a new complaint in lieu of responding to the motion to dismiss, Docs. 11, 13, which the City opposed on futility grounds, Doc. 15. As the reply deadlines have passed, *see* E.D. MO. L.R. 4.01(c), both motions are now ripe.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

---

[1] The City argues that Wicks missed the applicable statute of limitations by one day. Doc. 3-1 at 6–7. However, the 5-year anniversary of the alleged shooting fell on a Sunday, meaning that the deadline was tolled until Monday, July 7, 2025—the date Wicks filed the Complaint. *See* Doc. 1; MO. SUP. CT. R. 44.01.

2

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

As to the amended complaint, Rule 15 generally requires courts to "freely give leave to amend when justice so requires." *Sherman v. Winco Fireworks*, 532 F.3d 709, 715 (8th Cir. 2008). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Id.* (citation omitted). Indeed, "[f]utility is always a basis to deny leave to file an amended complaint." *A.H. v. St. Louis Cnty.*, 891 F.3d 721, 730 (8th Cir. 2018) (citation omitted).

## DISCUSSION

Wicks's Complaint and proposed amended complaint both fail to state a claim because they lack allegations sufficient to show the City was on notice of an unconstitutional custom in the Sheriff's Office regarding the use of force. Accordingly, the Court grants the motion to dismiss and denies leave to file the amended complaint because it would be futile to do so.

**I.    Motion to Dismiss**

First up is the City's unopposed[2] Motion to Dismiss. Doc. 3. Wicks's Complaint alleges a section 1983 claim against the City for Fourth, Eighth, and Fourteenth Amendment violations—

---

[2] As the Court previously noted, Wicks never filed a response to the City's motion to dismiss. Doc. 10 at 3. While Wicks attempted to amend her complaint the day a response to the City's Motion was due, even had the Court not struck that pleading, "a pending motion to amend does not in some way stay a response date without leave from a court." *Expert Prop. Mgmt. v. McLin*, 2025 WL 1251233, at *1 n.1 (D. Colo. Feb. 13, 2025). Accordingly, the Court considers the motion to dismiss unopposed.

3

specifically, for a failure to train, supervise, and control the Sheriff's Office. But Wicks has failed to adequately plead that the City was deliberately indifferent on this basis.[3] Pleading a failure to supervise or discipline under section 1983 requires Wicks to plead facts showing that: (1) the City's supervisory or disciplinary practices were inadequate; (2) the City was deliberately indifferent to the rights of others in adopting those practices and its failures were the result of deliberate and conscious choices; and (3) the City's alleged deficiencies caused Wicks's constitutional deprivation. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). This type of *Monell* claim is the most difficult to make because, "[i]n virtually every instance where a person has [allegedly] had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." *Mendoza v. ICE*, 849 F.3d 408, 420 (8th Cir. 2017) (citation omitted). To show that a municipality was deliberately indifferent, a plaintiff must show that the violations were obvious, or that the municipality had "constructive notice." *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019). Further, "[a] pattern of similar constitutional violations is ordinarily necessary to demonstrate deliberate indifference." *Id.* (quotation and alterations omitted).

Here, there is no indication in the Complaint that there was a similar pattern of constitutional violations sufficient to put the City on notice that its training was inadequate. This defect alone is fatal to Wicks's claim against the City. *See Edwards v. City of Florissant,* 58 F.4th 372, 378 (8th Cir. 2023) (dismissing a claim under *Monell* for failure to show adequate notice to policymaking officials). As a result, the Court grants the City's motion to dismiss.[4]

---

[3] Accordingly, the Court need not address the City's argument that it did not exercise sufficient control over the Sheriff Office's law enforcement functions to be liable under section 1983.

[4] As Wicks's demand for attorney's fees under 42 U.S.C. § 1988 is contingent on the success of her section 1983 claims, the failure of her civil-rights claim against the City necessarily dooms her section 1988 claims against it as well.

4

## II. Motion for Leave to Amend

The Court next turns to Wicks's proposed amendments. As an initial matter, the vast majority of amendments against the City of St. Louis are identical to the proposed amendments in another case, which the Court recently denied as futile. *Davis v. City of St. Louis*, No. 4:22-CV-902-ZMB, 2026 WL 24995 (E.D. Mo. Jan. 5, 2026) (finding insufficient notice to hold the City liable). The Court adopts the same reasoning in denying the amendments here.

But even if the new complaint did not share this deficiency, it fails on other grounds. Critically, the proposed amendments focus on conduct committed by the St. Louis Metropolitan Police Department, not the St. Louis City Sheriff's Office. Even if the Court were to grant leave to amend, the new allegations do nothing to show an unconstitutional custom of force within the *Sheriff's Office*, or a failure to train, supervise, or control deputy sheriffs. Thus, because the new complaint would not survive dismissal, the Court denies Wicks's motion for leave to amend.

## III. Failure To Prosecute

The final matter to address is Wicks's continued failure to prosecute her claim against Buchanan. As the Court previously highlighted, Buchanan missed his deadline to respond to the Complaint months ago. Doc. 10 at 3; *see also* Doc. 6 (recognizing answer deadline of August 11, 2025). Despite that, Wicks apparently has done nothing to prosecute her claim against Buchanan in nearly 5 months. Given this delay, the Court orders Wicks to show cause, no later than February 10, 2026, why her claims against Buchanan (and thus this case) should not be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b); *Kiderlen v. Saul,* No. 4:19-CV-1049-SPM, 2020 WL 2219779, at *1 (E.D. Mo. May 7, 2020) (explaining that, although Rule 41(b) does not expressly authorize courts to dismiss cases sua sponte for failure to prosecute, this power has long been recognized as inherent) (collecting cases); *see also Henderson v. Renaissance Grand Hotel,* 267 F. App'x 496, 497 (8th Cir. 2008) (same).

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant City of St. Louis's [3] Motion to Dismiss and **DENIES** Plaintiff Erin Wicks's [11] First Motion for Leave to File First Amended Complaint. Further, Wicks must show cause, no later than February 10, 2026, why her remaining claims against Buchanan should not be dismissed for failure to prosecute.

So ordered this 3rd day of February 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE