**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ERIN WICKS , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES BUCHANAN et al., | ) |
| | ) |
| Defendants. | ) |

No.: 4:25-cv-01004 ZMB

**MEMORANDUM OF LAW IN SUPPORT OF JAMES BUCHANAN'S MOTION TO SET ASIDE THE CLERK'S DEAFULT**

COMES NOW, Defendant James Buchanan ("Buchanan"), by and through his undersigned counsel, HeplerBroom, LLC, for his memorandum in support of his Motion to Set Aside the Entry of Clerk's Default against him states as follows:

**INTRODUCTION**

Plaintiff filed her Complaint on July 7, 2025, against Buchanan and the City of St. Louis alleging two counts, excessive use of force and attorney's fees, against Mr. Buchanan. *See* Pl's Compl. Doc. #1. Buchanan was served on July 20, 2025. Buchanan attempted to figure out what his next steps should be, however, he was told that the case was being handled and not to worry. The Complaint alleges that Mr. Buchanan used excessive force when he shot Burgess, the deceased, violating Mr. Burgess' fourth and fourteenth Amendment rights. *See* Pl's Compl. Doc. #1. On February 10, 2026, Plaintiff filed for entry of Clerk's Default based on Buchanan's failure to appear or respond. See Doc # 17. Subsequently, on February 11, 2026, a Clerk's Entry of Default was entered. *See* Doc. #19; *see also Exhibit A attached to Defendant's motion*. Buchanan now moves this Court to set aside the Clerk's entry of Default pursuant to Rule 55(c).  Buchanan learned

of the default on March 2, 2026.  Buchanan now moves this Court to set aside the entry of default against him.

**LEGAL STANDARD**

Rule 55(c) states that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The court reasoned in *Strahan v. Phipps*, No. 1:21-cv-00028-SNLJ, 2025 U.S. Dist. LEXIS 157554, at *5-6 (E.D. Mo. Aug. 13, 2025):

> The same factors are typically considered in deciding whether to set aside an entry of default under Rule 55(c) and in deciding whether to set aside a default judgment under Rule 60(b). However, the factors are less stringently applied with regard to setting aside an entry of default under Rule 55(c) because it is likely that a party who promptly attacks an entry of default, rather than waiting for the grant of a default judgment, was guilty of oversight and wishes to defend the case on the merits.

Moreover, in determining whether good cause exists, the court considers: (1) whether the conduct of the defaulting party was blameworthy or culpable, (2) whether the defaulting party has a meritorious defense, and (3) whether the other party would be prejudiced if the default was excused. *Strahan v. Phipps*, No. 1:21-cv-00028-SNLJ, 2025 U.S. Dist. LEXIS 157554, at *5-6 (E.D. Mo. Aug. 13, 2025).

In *Strahan v. Phipps*, the court set aside the entry of default that was entered against Phipps on an excessive force and deliberate indifference to medical needs against Defendant Phipps. *Strahan v. Phipps*, No. 1:21-cv-00028-SNLJ, 2025 U.S. Dist. LEXIS 157554, at *7 (E.D. Mo. Aug. 13, 2025). After multiple attempts and extensions, defendant Phipps was served on February 25, 2025, with a responsive pleading due by March 18, 2025. *Id.* No response was filed, leading to the entry of default on June 17, 2025. *Id.* The plaintiff subsequently moved for default judgment. *Id.* Phipps then moved to stay the entry of default judgment, set aside the entry of default and for

2

leave to file an answer out of time within 30 days of notice that the entry of default occurred. *Id.* Upon learning of the default, Phipps promptly sought legal counsel and filed the motions. *Id.*

He argued that the failure to respond was due to a reasonable misunderstanding that his former employee, Butler County Jail, was handling the case. *Strahan v. Phipps,* No. 1:21-cv-00028-SNLJ, 2025 U.S. Dist. LEXIS 157554, at *7 (E.D. Mo. Aug. 13, 2025.). His previous employee told him not to worry because the case had been taken care of. *Id.* The court found that there was no indication that Phipps intentionally disregarded the court and its procedures and his inaction only briefly delayed the litigation. *Id.* Therefore, he was guilty of only a marginal failure for which relief should be granted if he had a meritorious defense and no prejudice to the Plaintiff. *Id.* Defendant Phipps affidavit supported a finding that a meritorious defense existed as his affidavit set forth a completely different set of facts than that of the complaint, and the court found that Plaintiff would not be prejudiced as there were no other pleadings filed, no discovery conducted, and a scheduling order hadn't been entered. *Id.*

## ARGUMENT

### I.     GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT UNDER 55(C).

#### a.  Buchanan's conduct constitutes a marginal failure.

Much like the facts in *Phipps*, Buchanan's failure to respond is based upon a reasonable misunderstanding that the case was already being handled. Therefore, only a marginal failure occurred here as opposed to any intentional or contumacious conduct. Upon being served on July 20, 2025, Buchanan contacted Judge Mason as he was legal counsel for the Sherrif's department at the time. *See Exhibit, B Affidavit of James Buchanan at ¶4 attached to Defendant's motion.* He was informed by Judge Mason that the City Counselor's office would be entering for him, and the case would be quickly dismissed. *Id.* Accordingly, he did not intentionally ignore this case; to the

3

contrary, he believed it was being addressed. Buchanan acted in good faith and had no intention of obstructing the proceedings in any manner. It is entirely reasonable for a layperson to rely on the fact that he was told the City Counselor's Office was handling the claims asserted against both him and the City. Moreover, in *Phipps,* the defendant moved to set aside the entry of default within 30 days of receiving the notice. In the case at bar, upon notice of the Court's default on Monday March 2, 2026, Buchanan acted expeditiously to retain an attorney for this lawsuit in order to handle the matter going forward, including filing an answer. *See Exhibit B*. Therefore, this Court should set aside the entry of default if Buchanan can assert a meritorious defense and if the Plaintiff will not experience any prejudice. As such, both can be answered in the affirmative.

### b. A meritorious defense exists for the claims brought against Buchanan.

"The Fourth Amendment's objective reasonableness standard governs a claim that an officer used excessive force in the course of making an arrest, investigatory stop, or other seizure.*" K.W.P. v. Kan. City Pub. Sch*., 931 F.3d 813, 816 (8th Cir. 2019). The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*; *see Brown v. City of Golden Valley*, 574 F.3d 491, 496-98 (8th Cir. 2009) (The officer's use of taser on passenger in vehicle stopped after police chase was not objectively reasonable; although passenger refused a direct order to get off of the phone, she posed a minimal security threat and was not resisting arrest or attempting to flee, officer was not faced with split-second decision, and circumstances did not constitute tense, uncertain, and rapidly evolving situation). Courts assess the reasonableness of the force used by considering factors such as the severity of the crime, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to flee. *K.W.P*., 931 F.3d at 816 (8th Cir. 2019).

Just as the defendant in *Phipps* presented a meritorious defense, the Affidavits of Buchanan and Stephen Burgett likewise set forth an entirely different factual narrative than the one alleged in Plaintiff's Complaint, demonstrating that no excessive force was used. On July 6, 2020, Mr. Stephen Burgett was in a drive-through with his 10-year-old grandson while Burgess was waiting at the end of the drive-through. *See Exhibit C, Affidavit of Stephen Burgett attached to Defendant's motion*. Naturally, while in the drive-through, Mr. Burgett's window was down, and Burgess suddenly appeared at his window and stabbed him in the chest with a screwdriver. *Id.* Mr. Burgett's immediate concern was his grandson, and he attempted to shield his grandson from Burgess. *Id.* In his attempts to fight off Burgess, the door of the car opened, and Mr. Burgett fell out. *Id.* Once out of the car, Mr. Burgett hit Burgess on the head several times, but Burgess seemed totally unfazed by the blows. *Id.* Mr. Burgett yelled at his grandson to get out of the vehicle while Burgess was attacking him. *Id.* Then, Burgess climbed into his vehicle and started to drive away. *Id.*

When Burgess drove away in the truck Buchanan was on his way to work and he saw Burgess, driving the vehicle erratically, and believed Burgess had ran over the grandson. *See Exhibit B.* Buchanan then saw Burgess exiting the truck and running behind a house and pursued him. *Id.* at ¶12. Burgess was attempting to kick in the door of the home that he ran behind. *Id.* at ¶12. As such, Defendant Buchanan ordered Burgess to get away from the door and on the ground. *Id.* at ¶13. At first, Burgess complied with the order given to him by Defendant Buchanan. *Id.* at ¶14.  However, Burgess got back up after being told to get on the ground and became agitated. *Id.*at ¶ 15-16. Defendant Buchanan attempted to calm Burgess down; however, Burgess growled at him, turned toward Defendant Buchanan and put his right hand in his pocket. *Id.* at ¶17-18. Defendant Buchanan drew his weapon at this time. *Id.* at ¶19. Burgess then squared his shoulders toward Defendant Buchanan, growled and charged Defendant Buchanan. *Id.*

5

Burgess's actions on the day of the shooting—running someone over with a vehicle, actively attempting to break into a home, resisting arrest, putting his hand in his pocket and refusing to take it out, growling at Defendant Buchanan, and charging Defendant Buchanan—can reasonably be interpreted as posing an immediate and significant threat of physical harm. Officer Buchanan had just witnessed Burgess hit someone with the truck and then he charged him in the alley, although Buchanan had not seen a dangerous instrument, actively charging a uniformed officer after the commission of two crimes would lead any reasonable officer to determine the presence of a significant threat of physical harm. When Defendant Buchanan discharged his weapon, he was faced with precisely the kind of split-second decision during a tense and rapidly evolving situation relevant to the Court's analysis.

Therefore, the actions taken by Defendant Buchanan were not excessive as he feared for his life as Burgess appeared agitated, ignored direct commands, and charged at Defendant Buchanan after refusing to take his hand out of his pocket. Therefore, Defendant Buchanan has a meritorious defense against Count I and Count III weighing in support of this Court setting aside the entry of default.

### c. Plaintiff will not be prejudiced if the entry of default is set aside.

Plaintiff will not be prejudiced if the entry of default is set aside. A delay on its own is insufficient to establish prejudice; Plaintiff must demonstrate concrete harm resulting from the delay, which she cannot do. Although a brief delay occurred, none of the types of harm necessary to support the finding of prejudice are present. Much like the *Phipps*, no discovery has been conducted, and a scheduling order has not yet been entered in this case. Although the City has been dismissed, there are no current deadlines that would be delayed if this Court grants Buchanan's motion. Additionally, Plaintiff waited five years to initiate this lawsuit. In light of that substantial

delay, the short period associated with Buchanan's response will not meaningfully affect discovery or impair Plaintiff's ability to advance her claim.

### CONCLUSION

Accordingly, this Court should set aside the entry of default against Buchanan because all relevant circumstances surrounding Defendant Buchanan's omission weigh in support. Buchanan had a good faith belief that the case was being taken care of, and the length of delay is not substantial, a meritorious defense exists, and it would not prejudice Plaintiff. If the Court sets aside the entry of default, it will allow Defendant Buchanan the opportunity to resolve this claim on the merits.

WHEREFORE, Defendant James Buchanan respectfully requests that the finding of Default contained in the Court's February 11, 2026, Order be set aside, leave to file an Appearance and Jury Demand, and that he be granted 30 days to file responsive pleadings to Plaintiff's Complaint.

HEPLERBROOM LLC

By:     */s/ Thomas J. Magee*
Thomas J. Magee, 32871MO
Gabrielle A. Deimeke, 74624MO
701 Market Street, Suite 1400
St. Louis, MO 63101
314-241-6160
tmagee@heplerbroom.com
Gabrielle.Deimeke@heplerbroom.com
*Attorneys for Defendant, James Buchanan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 6, 2026, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas J. Magee*